UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL MCGORE,

        Plaintiff,                Case Number: 11-cv-12969

v.                                   HONORABLE STEPHEN J. MURPHY, III

ROBERT SHENK,

        Defendant.

**OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED**
***IN FORMA PAUPERIS* AND DISMISSING COMPLAINT WITHOUT PREJUDICE**

    Before the Court is Michigan state prisoner Darryl McGore's *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. McGore has moved for leave to proceed *in forma pauperis* in this case. See 28 U.S.C. § 1915(a)(1) (1996). For the following reasons, the Court will deny McGore leave to proceed *in forma pauperis* and will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

    The complaint is barely legible, but, it appears that McGore alleges that he was stopped in a traffic stop by Defendant Robert Shenk, a Hazel Park police officer, because the vehicle McGore was driving had a burned out headlight. At a subsequent criminal trial, Shenk claimed to have found a firearm in McGore's car, and the firearm was admitted into evidence. McGore claims that, at some point, Shenk admitted to perjuring himself and falsely placing the gun into evidence. McGore seeks money damages and release from custody.

    Indigent prisoners may seek leave to file a civil action without prepayment of fees and costs. 28 U.S.C. § 1915(a)(2). A prisoner, however, may be barred from proceeding

*in forma pauperis* in a civil action under certain circumstances. 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* In other words, this "three strikes" provision allows the Court to dismiss a case where the prisoner seeks to proceed *in forma pauperis*, if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous, malicious, or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g); *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g). . . . [The prisoner] must pay the filing fee at the time he *initiates* the suit."). A plaintiff may only maintain a civil action despite having "three strikes" if the prisoner is "under imminent danger of serious physical injury" at the time that he seeks to file his complaint and proceed *in forma pauperis*. 28 U.S.C. § 1915(g); *Vandiver v. Vasbinder*, No. 08-2602, 2011 WL 1105652, *2 (6th Cir. Mar. 28, 2011); s*ee also Malik v. McGinnis*, 293 F.3d 559, 562 (2d Cir. 2002) (holding that imminent danger exception requires that danger exist at time complaint is filed).

McGore is a frequent filer in federal court, and he has filed more than three prior civil rights complaints that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See  See McGore v. Hudson*, No. 1:98-cv-10080 (E.D. Mich.

June 2, 1998); *McGore v. Hunter*, No. 2:96-cv-74326 (E.D. Mich. Oct. 15, 1996); *McGore v. Hunter*, No. 2:96-cv-74327 (E.D. Mich. Feb. 10, 1997); *McGore v. Jones*, No. 2:96-cv-74614 (E.D. Mich. Nov. 8, 1996); *McGore v. Michigan Supreme Court Judges*, No. 1:94-cv-517 (W.D. Mich. Jan. 25, 1995); *McGore v. Nardi,* No. 2:93-cv-137 (W.D. Mich. Aug. 2, 1993); *McGore v. Stine*, No. 2:93-cv-112 (W.D. Mich. July 26, 1993); *McGore v. Stine*, No. 2:93-cv-77 (W.D. Mich. Apr. 30, 1993).  Moreover, McGore has failed to demonstrate that he was under imminent danger at the time that he filed his complaint.  His allegations of false imprisonment and of violations related his arrest and criminal trial do not fall within the "imminent danger" exception of § 1515(g).  Accordingly, McGore is barred from proceeding *in forma pauperis* and the Court will dismiss his complaint without prejudice.  McGore may file a new complaint with prepayment of the filing fee.

## ORDER

**WHEREFORE** it is hereby **ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's application to proceed without prepayment of fees is **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 25, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 25, 2011, by electronic and/or ordinary mail.

                                        Carol Cohron
                                        Case Manager